IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRANK TUFANO,                          :        No. 3:25cv1558
        Plaintiff                     :
                               :        (Judge Munley)
                               :
        v.                            :
                               :
ALL-WAYS FORWARDING, *et al.*          :
        Defendants                    :

## MEMORANDUM ORDER

Before the court are four (4) reports and recommendations ("R&R") of United States Magistrate Judge Martin C. Carlson in the above matter. Plaintiff Frank Tufano has filed objections to three of the R&Rs. The magistrate judge's recommendations and the plaintiff's objections are ripe for disposition.

**Background**

The operative pleading in this matter is Tufano's *pro se* amended complaint. (Doc. 30). According to the amended complaint, Tufano operates a meat business in Carbondale, Pennsylvania. Id. ¶ 27. He ordered a shipment of Kobe wagyu beef from Japan at the cost of approximately $20,000, including shipping. Id. ¶ 2. The beef never made it to Carbondale. This civil action followed.

Per Tufano, he hired SPQR Imports, a non-party, who contracted with Defendant All-Ways Forwarding ("All-Ways") in April 2025 to handle the customs

clearance process. Id. ¶ 3.  The beef arrived to port on June 30, 2025. Id. ¶ 6.

Approximately two weeks later, Tufano had not heard anything about his $20,000

wagyu shipment. Id. ¶ 4.  Now extremely concerned, the plaintiff became directly

involved, contacting officials at the United States Department of Agriculture and

Defendant United States Customs and Border Protection. Id. ¶ 5.  According to

Tufano, a customs entry document for the initial shipment was never filed by All-

Ways. Id. ¶ 6.  He tried to coax All-Ways into filing the customs document, but

All-Ways indicated that it would only communicate with SPQR Imports. Id. ¶ 11.

The beef ended up in the cargo storage of the airline, Defendant EVA

Airways. Id.  Per Tufano, EVA contracts with Defendant Worldwide Flight

Services and his shipment was improperly placed in refrigerated, not frozen,

storage conditions. Id. ¶¶ 5, 12.  After approximately 18 days of holding the beef

in refrigerated conditions, the defendants requested an additional $9,000 in

storage fees. Id. ¶ 12.

The beef perished. Id.  Japanese wagyu suppliers now refuse to deal with

the plaintiff. Id. ¶¶ 16–17.

On June 22, 2025, four days after personally getting involved in trying to

locate the wayward shipment, Tufano filed suit against All-Ways, its principal

Weber Solomon, Customs and Border Protection, EVA, and Worldwide Flight

Services in the Lackawanna County Court of Common Pleas. (Doc. 1-2).

2

Worldwide Flight Services removed the action on August 21, 2025. (Doc. 1). After initially being assigned to a United States Magistrate Judge, the Clerk of Court reassigned this matter to the undersigned on December 12, 2025. The court referred this matter to a magistrate judge for pretrial management and for the issuance of R&Rs for any case dispositive motions. Tufano filed an amended complaint, as authorized, on December 29, 2025. (Doc. 30).

Tufano's amended complaint asserts several claims against all defendants, including under the Federal Trade Commission Act, Federal Tort Claims Act, False Claims Act and Pennsylvania's Unfair Trade Practices and Consumer Protection Law. Tufano also asserts that the defendants are liable under state tort law for negligence and fraudulent misrepresentation.[1]

The defendants responded by filing motions to dismiss. (Docs. 32–35). Magistrate Judge Carlson subsequently issued R&Rs with respect to each one. (Docs. 44, 53–55). Tufano then filed objections to three of the R&Rs. (Docs. 47, 57, 59). The court considers the motions, the R&Rs, and plaintiff's objections below.

**Standard of Review**

In disposing of objections to a magistrate judge's R&R, the district court must make a *de novo* determination of those portions of the report against which

---

[1] The court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1367(a).

objections are made. 28 U.S.C. § 636(b)(1)(C); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). "[T]he court may accept, reject, or modify, in whole or in part the findings or recommendations made by the magistrate judge." Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987) (citing 28 U.S.C. § 636(b)(1)(C)). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id. In deciding whether to adopt the report and recommendation when no timely objection is filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation").

## Analysis

### 1. EVA Airways Corporation's Motion to Dismiss for Lack of Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) permits a defendant to move to dismiss a complaint for lack of personal jurisdiction. EVA Airways Corporation ("EVA"), a Taiwanese commercial air carrier, asserts that its involvement with the shipment of wagyu was limited to transporting the beef from Japan via Taiwan to John F. Kennedy International Airport in Queens. (Doc. 34-1, Decl. of J. Hsu, ¶¶ 1–7, 10). Per EVA, it did not enter into a contract with Tufano, have any communications with Tufano, or engage in any activity in or directed to

4

Pennsylvania with respect to the shipment of beef. Id. ¶ 10.  EVA also avers that it is not registered to do business in Pennsylvania, does not have any employees in Pennsylvania, and does not maintain an office in Pennsylvania. Id. ¶ 11. Accordingly, EVA seeks dismissal under Rule 12(b)(2).

The R&R, after reviewing the principles of personal jurisdiction, recommends that the motion be granted with a caveat that Tufano would be free to pursue his claims against the air carrier in a venue where personal jurisdiction exists. (Doc. 44).  Tufano objects on several grounds. (Doc. 47).

First, Tufano takes offense to Magistrate Judge Carlson's verbiage, arguing that he "appears to enjoy mocking a small business owner" as "an unsuccessful litigant…after having thousands of dollars stolen from him in various events occurring over the past several years." Id. ¶ 1.

In the R&Rs, Magistrate Judge Carlson refers to Tufano as "a prodigious, but prodigiously unsuccessful, *pro se* litigant." (Doc. 47 at 1 and n.1 (citing Tufano v. Filatova, No. 3:24-CV-1252, 2025 WL 763573, at *1 (M.D. Pa. Jan. 15, 2025), R&R adopted, No. 3:24CV1252, 2025 WL 457106 (M.D. Pa. Feb. 11, 2025); Tufano v. Reddit, Inc., No. 3:24-CV-1114, 2024 WL 5078105, at *1 (M.D. Pa. Dec. 11, 2024), app. dismissed, No. 25-1014, 2025 WL 1851754 (3d Cir. Mar. 21, 2025); Tufano v. TikTok, Inc., No. 3:24CV1116, 2024 WL 4941023, at *1 (M.D. Pa. Dec. 2, 2024); Tufano v.

Frankies Free Range Meat Conspirators, No. 3:24-CV-846, 2024 WL 5318269, at *1 (M.D. Pa. Nov. 6, 2024), R&R adopted, No. 3:24-CV-846, 2024 WL 5318270 (M.D. Pa. Dec. 9, 2024); Tufano v. Levy, No. 3:23-CV-02106, 2024 WL 4481056, at *1 (M.D. Pa. Sept. 18, 2024), R&R adopted, No. 3:23-CV-2106, 2024 WL 4476650 (M.D. Pa. Oct. 11, 2024)).  Ostensibly, the plaintiff seeks disqualification of this particular magistrate judge based on a single sentence in the R&R.

Upon review of the cases referenced by Magistrate Judge Carlson in his footnoted string citation, this single sentence is not an inaccurate statement.[2] Upon consideration of the federal judicial disqualification statute, 28 U.S.C. § 455, and the case law, such a statement does not even brush up against a reason to disqualify the magistrate judge.[3]  As discussed next, the R&R considered EVA's personal jurisdiction arguments and made sound

---

[2] Prodigious means "causing amazement or wonder" and "extraordinary in bulk, quantity, or degree." *Merriam-Webster.com Dictionary*, https://www.merriam-webster.com/dictionary/prodigious (last accessed July 8, 2026).  Records maintained by the Clerk of Court reflect that Tufano has been the plaintiff in 38 lawsuits in the United States District Court for the Middle District of Pennsylvania since December 2023.  Many of those lawsuits have been dismissed.

[3] "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Moreover, "[h]e shall also disqualify himself in the following circumstances…[w]here he has a personal bias or prejudice concerning a party[.]" 28 U.S.C. § 455(b). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994).

6

recommendations based on the law and the evidence submitted, not the plaintiff's *pro se* status or his litigation track record.

Tufano further objects to the conclusion that the court lacks personal jurisdiction over EVA. (Doc. 47 ¶¶ 3–7). Liberally construing the plaintiff's filing, he argues that the overall business transaction had connections to Pennsylvania and that Pennsylvania was the final destination of the product. Id. Per plaintiff, "[w]hether or not each individual business involved is incorporated and operates in the specific state of final destination is completely unreasonable." Id. ¶ 3.

A reasonableness argument alone is insufficient to defeat EVA's motion. The burden of demonstrating the facts that establish personal jurisdiction falls on the plaintiff, and once a defendant has raised a jurisdictional defense, the plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper. Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009). Where, as here, the court has not held an evidentiary hearing, the plaintiff need only establish a prima facie case of personal jurisdiction and is entitled to have his allegations taken as true and all factual disputes drawn in his favor. Id. (citations omitted). The plaintiff may not, however, rely on the bare pleadings alone once the defendant contests jurisdiction with sworn affidavits or other competent evidence; rather, it must respond with actual proof, not mere allegations. Patterson v. FBI, 893 F.2d 595, 604 (3d Cir. 1990) (citing Time Share Vacation

Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984)).  Here, Tufano

failed to contest the declaration of EVA's employee about the company's

contacts with the forum.  Thus, the court is only able to conclude that the court

lacks personal jurisdiction over EVA.[4]  EVA's motion to dismiss will be granted.

EVA did not raise any merits arguments with respect to the plaintiff's claims, so

the dismissal will be without prejudice.

### 2. All-Ways and Solomon's Motion to Dismiss for Lack of Personal Jurisdiction

Similarly, a separate R&R recommends granting All-Ways and Solomon's

motion to dismiss for lack of personal jurisdiction. (Doc. 54).  Tufano did not

object.

Reviewing the R&R, there is no manifest injustice or clear error in

Magistrate Judge Carlson's recommendation.  Applying the same standard

above, Tufano failed to contest an affidavit asserting that: the defendants never

---

[4] Tufano's reasonableness argument may be liberally construed as an argument that the court has specific personal jurisdiction over EVA due to its role in causing the plaintiff a financial loss.  The Third Circuit applies a three-part test to determine whether specific jurisdiction exists: (1) the defendant must have purposefully directed its activities at the forum; (2) the litigation must arise out of or relate to at least one of those activities; and (3) if the first two requirements are met, the exercise of jurisdiction must otherwise comport with fair play and substantial justice.  O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985), Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414–15 & n. 9 (1984), and Int'l Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)). The mere fact that a plaintiff suffered injury in the forum, without more, does not establish that the defendant purposefully directed its conduct there. Walden v. Fiore, 571 U.S. 277, 289–91 (2014).  "[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State." Id. at 291.

contracted with the plaintiff; their actions in this case took place entirely outside of Pennsylvania; they do not reside in Pennsylvania, maintain an office in, or have any employees stationed in Pennsylvania; and they are not registered to do business in Pennsylvania. (Doc. 51-1). Accordingly, All-Ways and Solomon's motion to dismiss will be granted for lack of personal jurisdiction. The court need not reach any merits arguments raised by these defendants. Therefore, dismissal will be without prejudice.

### 3. Worldwide Flight Services' Motion to Dismiss for Failure to State a Claim

Worldwide Flight Services filed a motion to dismiss arguing that Tufano's claims against it are preempted by the Montreal Convention. (Doc. 35). Magistrate Judge Carlson recommends that this defendant's motion to dismiss be granted or that the case be transferred to the Eastern District of New York. (Doc. 55). Tufano filed three objections that are objections in name only. He argues:

> 1. This is a relatively simple matter of negligence committed by multiple defendant parties, to be determined by a jury of Frank Tufano's peers.
>
> 2. If the court does not deem Frank Tufano's claims acceptable for a Pro Se Litigant, Frank Tufano does not believe there are any Pro Se Litigants filing in this court up to the assumed standard of the presiding judicial officials.
>
> 3. The court must allow evidence of the circumstances to be presented to a jury.

9

(Doc. 59).

With such generalized objections, the court need not conduct a de novo review of the R&R.  Goney v. Clark, 749 F.2d 5, 6–7 (3d Cir. 1984).  Based on the court's review, there is no clear error in the R&R's recommendations. Rather, the question raised is whether Tufano's claims will be dismissed or transferred. The R&R identifies venue issues as separate grounds for dismissal with respect to this defendant.  With respect to the other R&Rs, the court is dismissing claims against EVA, All-Ways, and Solomon without prejudice so that Tufano may, if he so chooses, pursue his theories of recovery in a forum that has personal jurisdiction over those defendants.  Looking at the overall picture and in the interest of providing the parties with a clean, clear outcome,  Worldwide Flight Services will be dismissed without prejudice to Tufano filing suit in the proper venue which also has personal jurisdiction over EVA, All-Ways, and Solomon. See 28 U.S.C. § 1406.

### 4. United States Customs and Border Protection's Motion to Dismiss

Finally, United States Customs and Border Protection has also filed a motion to dismiss, which the R&R recommends be granted on the merits. (Doc. 53).  Tufano responded with general objections asserting that "any rulings in this action should not be considered before evidence is presented to a jury." (Doc. 57).  A jury decides the facts, not the law.  To get to a jury, a plaintiff must first

present cognizable, plausible legal claims. Upon review of the allegations against the United States, Tufano has not done so. Thus, seeing no manifest injustice or clear error in the R&R's approach to the parties' arguments, the R&R will be adopted and the claims against Customs and Border Protection will be dismissed with prejudice.

Accordingly, for the reasons set forth above, it is hereby **ORDERED** that:

1) Tufano's objections to the R&R, (Docs. 47, 57, 59) are **OVERRULED**;

2) The R&Rs, (Docs. 44, 53–55) will be **ADOPTED**;

3) Defendants' motions to dismiss, (Docs. 32–35) are granted;

4) Plaintiff's amended complaint, (Doc. 30), is **DISMISSED** without prejudice, with the exception of the claims against United States Customs and Border Protection, which are **DISMISSED** with prejudice; and

5) The Clerk of Court is directed to close this case.

Date: 7/13/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
**United States District Court**

11